# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

            Plaintiff,    :    Case No. 3:12-cr-120
                                          Also Case No. 3:15-cv-013

                                          District Judge Thomas M. Rose
  - vs -                               Magistrate Judge Michael R. Merz

STEPHEN E. KIRBY, II,

            Defendant.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Kirby's § 2255 Motion (Doc. No. 71) which is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Cases. That rule provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

1

Kirby presents two grounds for relief in the nature of ineffective assistance of trial counsel.

> **Ground One:** The Movant was denied effective assistance of counsel due to the counsel in failing to present the factual arguments relative to the confinement and custody of the Movant during such period to which the same was ultimately denied in reference to the time spent in custody during pre-trial. The Movant made multiple arguments thereof to such counsel, and further has argued the same to this court on multiple occasions [sic].

(Motion, Doc. No. 71-1, PageID 287).

> **Ground Two:** The Movant was denied effective assistance of counsel relative to the failure to object to the statements at sentencing reflecting the indication of a mandatory minimum in relation to the case at bar.

*Id.* at PageID 291.

**Procedural History**

A criminal complaint was filed in this Court on May 3, 2012, charging Kirby with one count of distributing child pornography in violation of 18 U.S.C. § 2252(a)(2 and (b) and one count of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B)(Complaint, Doc. No. 2). On motion of the United States and after a hearing, Magistrate Judge Sharon Ovington ordered Kirby detained without bond pursuant to 18 U.S.C. § 3142(e)(Detention Order, Doc. No. 8). On Kirby's Motion, on June 13, 2012, Judge Ovington modified that to a Personal Recognizance bond with conditions of home incarceration (Doc. No. 18, especially PageID 48).

On September 25, 2012, the grand jury returned an indictment charging Kirby with the same two offenses charged in the Complaint (Doc. No. 28). On several occasions the trial was

2

continued on Kirby's motion.  Then on May 17, 2013, Kirby entered into a Plea Agreement with the United States under which he would plead guilty to one count of distributing child pornography, the charge made in Count One, and the possession charge was to be dismissed (Doc. No. 38).  Kirby in fact pled guilty as agreed on the same day (Minute Entry, Doc. No. 35). Kirby's counsel filed two sentencing memoranda (Doc. Nos. 42, 44).  On November 13, 2013, Kirby was sentenced to sixty months confinement (Doc. Nos. 51, 52).  On November 4, 2014, Kirby filed his Second Motion for Enlargement of Time to file a § 2255 Motion (Doc. No. 67). Because the Motion actually made some claims of ineffective assistance of trial counsel, the Court treated it as a timely filed § 2255 Motion and directed Kirby to file an amended motion not later than January 15, 2015 (Order, Doc. 70).  The instant Motion complies with that Order.

**Generally Applicable Law**

As Kirby acknowledges, the governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . .  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694.  *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987).  *See generally* Annotation, 26 ALR Fed 218.

## Analysis

**Ground One:  Ineffective Assistance Regarding Pretrial Detention Credit**

In his First Ground for Relief, Kirby claims he received ineffective assistance of trial counsel in the way in which his counsel argued for giving him credit against his sentence for the time he spent confined to his home under pre-trial supervision.  He contends "[m]ovant made

4

multiple arguments thereof to such counsel, and further has argued the same to this court on multiple occasions." (Motion, Doc. No. 71-1, PageID 287.)  Kirby has not advised the Court what arguments he asked his attorney to make nor has he referenced any place where he has filed motions with the Court seeking sentence credit for the time he spent in pre-trial home detention.

The Sentencing Guideline range recommended by the Probation Department in this case and accepted by both parties was 210 to 262 months (Sentencing Transcript, Doc. No. 66, PageID 223.)  Because Judge Rose granted the Government's substantial assistance motion, the range was reduced to 51 to 63 months. *Id.* at PageID 224.  Counsel asked that the mandatory minimum of sixty months be imposed and advised Judge Rose "he has been on electronic home detention for about 21 months at this point.  While he is aware that the Court cannot give him jail time credit for that time, the Court would have discretion to take it into account in the overall sentencing." *Id.* at PageID 226.  Kirby himself mentioned nothing about the home detention in his allocution. *Id.* at PageID 226-27.

Thus Kirby's First Ground for Relief is unsubstantiated by the record and unsupported by any evidentiary filings with the Motion.

To the extent trial counsel, Mr. Certo, adverted to the home detention credit question, what he said did not demonstrate deficient performance.  In order to qualify for credit under 18 U.S.C. § 3585(b), presentence confinement must be in a corrections facility; home confinement with electronic monitoring is insufficient, as is community treatment center confinement.  The detention must be official, i.e., by the Attorney General, to qualify. *Reno v. Koray*, 515 U.S. 50 (1995); *United States v. Becak*, 954 F.2d 386 (6th Cir. 1992).  Mr. Certo represented to the Court that Kirby did not qualify for any such credit and this was a correct statement of the law.

Kirby argues his pre-trial home detention was unconstitutional, citing *United States v. Vujnovich,* 2007 U.S. Dist. LEXIS 86020 (D. Kan 2007)(Waxse, M.J.) Judge Waxse recognized that imposition of electronic monitoring in that child pornography case was mandated by the Adam Walsh Child Protection and Safety Act of 2006 which amended the bail statute, 18 U.S.C. § 3142 to add electronic monitoring as a mandatory condition of release. Judge Waxes found that portion of the Adam Walsh Act unconstitutional as violative of the Due Process Clause of the Fifth Amendment, the separation of powers doctrine, and the Excessive Bail Clause of the Eighth Amendment. Judge Waxse decided the constitutional claims summarily, but relied on *United States v. Crowell*, 2006 U.S. Dist. LEXIS 88489 (W.D. N. Y. 2006)(Foschio, M.J.) Kirby cites no decisions from the Sixth Circuit adopting this analysis.

The docket shows that Kirby was initially detained without bond (Doc. No. 8). Then on June 6, 2012, his counsel moved for home detention with electronic monitoring (Doc. No. 16). The docket shows no objection by Kirby to the terms of his release on constitutional grounds. Thus, assuming the two cited cases state the law as applicable in this Circuit, any error in releasing Kirby on electronic home detention was invited error and in any event does not qualify for credit under 18 U.S.C. § 3585.

Ground One is without merit.

**Ground Two: Ineffective Assistance Regarding Mandatory Minimum**

In his Second Ground for Relief, Kirby claims he received ineffective assistance of trial counsel "relative to the failure to object to the statements at sentencing reflecting the indication of a mandatory minimum in relation to the case at bar."

The sentencing transcript shows that the Presentence Investigation Report indicated a mandatory minimum sixty-month sentence for the offense of conviction and that Mr. Certo both made no objection to the PSI that had not been resolved prior to sentencing and also acknowledged the mandatory minimum.

The first point to which Kirby says objection should have been made was Judge Rose's statement that the Sentencing Guidelines are mandatory and not advisory (Motion, Doc. No. 71-1, PageID 292)  Kirby offers no citations to the record, but he does quote Judge Rose's statement that the sentence could not be less than sixty months. *Id.*

In fact, Judge Rose did correctly state that the sentencing range from the Guidelines was advisory (Sentencing Transcript, Doc. No. 66, PageID 217, l. 11.)  The Judge repeated the language about the range being advisory.  *Id.*  at PageID 222, l. 10.  Immediately after that, he indicated "[t]he Statute provides for a minimum term of incarceration of 5 years and a maximum term of 20 years."  *Id.*  at PageID 222-23.  The advisory nature of the Guidelines is mentioned again repeatedly. *Id.*  at PageID 223, l. 24; 224, l. 25; PageID 228, l. 3.  In the end, Judge Rose imposed what he described as the mandatory minimum sentence of sixty months, understanding he could not impose less.  *Id.*  at PageID 232, ll. 22-25.

The distinction made by the PSI, by Mr. Certo, and by Judge Rose, but which Kirby does not acknowledge is the distinction between the Sentencing Guidelines recommendation, which is advisory, and the statutory mandatory minimum for this offense as dictated by the Congress of the United States.  The statute is very plain:  18 U.S.C. § 2252(b)(1)  "Whoever violates, or attempts or conspires to violate, paragraph (1), (2), or (3) of subsection (a) shall be fined under this title and imprisoned not less than five years and not more than twenty years, . . . ."  The PSI expressly repeats that mandatory minimum.

Kirby argues that there is a great deal of disparity nationally and in this Court in sentencing for this offense. He cites *United States v. Koch,* 383 F.3d 436 (6th Cir. 2004), for the proposition that the Guidelines are advisory, but Judge Rose recognized that fact. *United States v. McElheney*, 630 F. Supp. 3d 886 (E.D. Tenn. 2009), is to the same effect.

Kirby relies on *United States v. Bistline,* 720 F.3d 631 (6th Cir. 2012),[1] where a judge of this Court imposed a one day sentence, but the underlying offense was possession of child pornography, not distribution. A similar sentence was imposed and upheld in *United States v. Rausch*, 570 F. Supp. 2d 1295 (Dist. Colo. 2008), but it was again for possession of child pornography, not for its distribution.

On review of the record, it is clear that Kirby received the mandatory minimum sentence required by Congress upon conviction of the offense to which he pleaded guilty. He did not receive ineffective assistance of trial counsel for Mr. Certo's asserted failures with respect to the Guidelines and mandatory minimum because he received the least sentence Judge Rose was obliged by law to impose. The advisory nature of the Sentencing Guidelines after *United States v. Booker*, 543 U.S. 220 (2005), does not overrule clear Congressional mandates.

Ground Two is without merit.

**Conclusion**

Based on the foregoing analysis, the § 2255 Motion herein should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any

---

[1] The Sixth Circuit twice found this sentence unreasonably lenient and eventually remanded for reassignment before resentencing.

appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 14, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).