# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,        :      Case No. 3:12-cr-120
                                          Also Case No. 3:15-cv-013

                                          District Judge Thomas M. Rose
   -  vs  -                             Magistrate Judge Michael R. Merz

STEPHEN E. KIRBY, II,

                Defendant.       :

---

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

Defendant Stephen Kirby has objected (Doc. No. 73) to the Magistrate Judge's Report and Recommendations (Doc. No. 72) concluding Kirby's § 2255 Motion (Doc. No. 71) should be dismissed with prejudice. Judge Rose has recommitted the case for consideration of the Objections (Doc. No. 74).

**Ground One:  Ineffective Assistance of Trial Counsel Regarding Pretrial Detention Credit**

In his First Ground for Relief, Kirby claims he received ineffective assistance of trial counsel in the way in which his counsel argued for giving him credit against his sentence for the

time he spent confined to his home under pre-trial supervision.  The Report concluded trial counsel had not performed deficiently on this point because Kirby was not entitled to credit against his sixty-month sentence for the time he spent on home confinement.

In his Objections, Kirby reiterates his claim that his time on electronically-monitored home confinement "counts" under 18 U.S.C. § 3585(b).  He relies first on *Josephson v. Secretary of Health and Human Services*, 1994 U.S. Dist. LEXIS 21063 (W.D. Mich. 1994).  *Josephson* was an appeal under 42 U.S.C. § 405(g) of a suspension of Social Security benefits upon Josephson's incarceration on a felony conviction.  District Judge McKeague affirmed a decision of the Social Security Appeals Council that, while on release from prison on an electronic tether program, "plaintiff had been 'confined' for purposes of 42 U.S.C. § 402(x)(1) and 20 C.F.R. § 404.468 and was not eligible for benefits."  *Josephson* is in no way an interpretation of the statute relevant here, 18 U.S.C. § 3585(b), which is not even cited in the *Josephson* decision.  In other words, a person "confined" so as to be ineligible for Social Security benefits is not "confined" for purposes of receiving credit for pretrial detention.  The two statutes serve totally different purposes and there is no warrant for treating "confinement" as meaning the same thing in both statutes.

Kirby next cites *O'Brien v. Secretary of Health and Human Services*, 1994 U.S. Dist. LEXIS 21074 (E.D. Mich. Sept. 9, 1994).  Ms. O'Brien sought to show she "was entitled to retirement insurance benefits [under Social Security] she received while electronically tethered to her home as punishment for a felony conviction."  The Administrative Law Judge found that while on the tether, Ms. O'Brien was "confined" within the meaning of 20 C.F.R. § 404.468 and 42 U.S.C. § 402(x)(1), precisely the same statute and regulation which were at issue in *Josephson*.

2

Kirby also relies on *United States v. Jones,* 1996 U.S. App. LEXIS 17287 (6th Cir. May 24, 1996). Kirby cites only the deciding court and the date, but the LEXIS citation has the only case by the Sixth Circuit decided that day. However, there was no dissent and the case does not discuss "confinement" at all.

Kirby cites *United States v. Rasco*, 963 F.2d 132 (6th Cir. 1992). That case also was not about interpreting 18 U.S.C. § 3585(b), but about whether a prior conviction would be counted under the Sentencing Guidelines if the sentence for that offense, imposed for a parole violation, would be counted if it were served in a halfway house. Kirby argues that *Crouse v. United States,* 145 F.3d 786 (6th Cir. 1998), and *Reno v. Koray*, 515 U.S. 50 (1995), are to the same effect as *Rasco*.

*Reno* is directly on point. In that case the Supreme Court held that confinement in a halfway house did not count as "official detention" under 18 U.S.C. § 3585(b). Kirby notes that Justice Stevens dissented in *Reno*, but we are obliged to follow the decision, not the dissent. *Crouse* involved an interpretation of the Sentencing Guidelines and held that certain factors could not be considered; § 3585(b) was not involved in the case.

In the latter part of his Objections, having argued his Second Ground for Relief, Kirby returns to citing numerous cases which he says allow or require the Court to count his pretrial detention toward his sentence. (Objections, Doc. No. 73, PageID 313-20.) Some of them are repeated citations from earlier in the Objections, and some are new, but none of them purports to or could overrule the Supreme Court's decision in *Reno*. Indeed, Kirby cites again from the dissent in *Reno*, but dissents do not state the law. The Court itself has said, "[u]nless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to

3

be." *Hutto v. Davis*, 454 U.S. 370, 375 (1982); *Litman v. Massachusetts Mut. Life Ins. Co.*, 825 F.2d 1506 (11th Cir. 1987).

However appealing Kirby's position may be as a matter of policy, this Court is obliged to follow the decisions in *Reno v. Koray*, 515 U.S. 50 (1995), and *United States v. Becak*, 954 F.2d 386 (6th Cir. 1992).  Even if Mr. Certo had made every policy argument Kirby makes in his § 2255 Motion, Judge Rose would have been obliged to follow that case law.  Therefore the First Ground for Relief is without merit.


**Ground Two:  Ineffective Assistance Regarding Mandatory Minimum**


In his Second Ground for Relief, Kirby claims he received ineffective assistance of trial counsel "relative to the failure to object to the statements at sentencing reflecting the indication of a mandatory minimum in relation to the case at bar."

The Report attributed this claim to confusion on Kirby's part between the advisory Sentencing Guidelines range and the mandatory minimum required sentence for the offense of conviction, distribution of child pornography.  Because both the Presentence Investigation Report and Judge Rose correctly stated the mandatory statutory minimum, the Report recommended dismissing Ground Two.

In his Objections, Kirby states notes his substantial assistance for which the Government moved for a downward departure from the Guideline Range.  Kirby believes "the 5K1 should have displaced any mandatory sentence equally."  (Objections, Doc. No. 73, PageID 311.)  He says he stated this to counsel who refused to argue it. *Id.*

4

It was neither deficient performance for Attorney Certo to fail to make this argument, nor was Kirby prejudiced by the failure.  There is no law permitting a sentencing federal judge to sentence below a statutory minimum for a child pornography case.

Kirby cites recent commentary from the Sentencing Commission questioning the wisdom of mandatory minimum sentences in non-contact child pornography cases, but the wisdom of the Sentencing Commission cannot overrule the statutes adopted by Congress.

Ground Two is therefore without merit.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends that the § 2255 Motion be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

February 12, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report

and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).