**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

UNITED STATES OF AMERICA,

                                  Case No. 3:12-cr-120

           Plaintiff,                 Also Case No. 3:15-cv-013

v.                                     Judge Thomas M. Rose

                                     Magistrate Judge Michael R. Merz

STEPHEN E. KIRBY, II,

           Defendant.

_____

**ORDER OVERRULING KIRBY'S OBJECTIONS (DOC. 73) TO THE
REPORT AND RECOMMENDATIONS; OVERRULING KIRBY'S
OBJECTIONS (DOC. 77) TO THE SUPPLEMENTAL REPORT AND
RECOMMENDATIONS; ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATIONS (DOC. 72) AND SUPPLEMENTAL
REPORT AND RECOMMENDATIONS (DOC. 75) IN THEIR ENTIRETY;
DISMISSING KIRBY'S § 2255 MOTION (DOC. 71) WITH PREJUDICE;
DENYING ANY REQUESTED CERTIFICATE OF APPEALABILITY;
CERTIFYING THAT ANY APPEAL OF EITHER THE REPORT AND
RECOMMENDATIONS OR SUPPLEMENTAL REPORT AND
RECOMMENDATIONS WOULD BE OBJECTIVELY FRIVOLOUS AND
TERMINATING THIS CASE**

_____

This matter is before the Court on the objections (Docs. 73, 77) filed by Defendant Stephen

E. Kirby, II, ("Kirby") to the Magistrate Judge's Report and Recommendations (Doc. 72) and

Supplemental Report and Recommendations (Doc. 75), both of which recommended that Kirby's

Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody Pursuant to

Title 28 U.S.C. § 2255 ("Motion to Vacate") (Doc. 71) be dismissed with prejudice.   Magistrate

Judge Merz further recommended that, as reasonable jurists would not disagree with the dismissal

with prejudice of Kirby's Motion to Vacate, Kirby should be denied a certificate of appealability

and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and

Kirby should not be permitted to proceed *in forma pauperis*.   (Doc. 72 at 8-9; Doc. 77 at 5.)

As stated below, the Court overrules Kirby's Objections (Doc. 73) to the Report and Recommendations and Objections (Doc. 77) to the Supplemental Report and Recommendations. The Court adopts the Report and Recommendations (Doc. 72) and Supplemental Report and Recommendations (Doc. 75) in their entirety and dismisses Kirby's Motion to Vacate (Doc. 71) with prejudice.

## BACKGROUND

On January 13, 2015, Kirby filed the Motion to Vacate pursuant to 28 U.S.C. § 2255. (Doc. 71.)   On January 14, 2015, Magistrate Judge Merz entered the Report and Recommendations, which recommended that the Court dismiss the Motion to Vacate with prejudice.   (Doc. 72.)   On February 6, 2015, Kirby filed Objections to the Report and Recommendations.   (Doc. 73.)   After a preliminary review of the Report and Recommendations and Kirby's Objections, on February 10, 2015, the Court entered a Recommittal Order (Doc. 74), which returned this matter to Magistrate Judge Merz with instructions to file a supplemental report analyzing the Objections and making recommendations based on that analysis.   On February 12, 2015, Magistrate Judge Merz entered the Supplemental Report and Recommendations, which again recommended that the Motion to Vacate be dismissed with prejudice.   (Doc. 75.)   On March 30, 2015, Kirby filed Objections to the Supplemental Report and Recommendations. (Doc. 77.)   Plaintiff did not file a response to the Objections, and the time to respond to the Objections has expired.   This matter is therefore ripe for review.

## REVIEW

As required by 28 U.S.C. § 636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge completed a *de novo* review of the record in this case.   Upon review, the Court

finds that Kirby's Objections (Doc. 73) to the Report and Recommendations and Objections (Doc. 77) to the Supplemental Report and Recommendations are not well-taken, and they are hereby OVERRULED.

The Court notes that Kirby's reliance on *United States v. Jones*, 107 F.3d 1147 (6th Cir. 1997) is misplaced.   (Doc. 73 at 3-4; Doc. 77 at 5.)   In Kirby's Objections to the Report and Recommendations, Kirby argued that *Jones* stands for the proposition that his electronically monitored home confinement is the equivalent of incarceration, and therefore should have resulted in a reduction of his sentence under 18 U.S.C. § 3585(b).   (Doc. 73 at 3-4.)   Kirby did not provide an accurate, or even complete, citation to *Jones* in his Objections, however, and, as a result, the Magistrate Judge was unable to address Kirby's assertions regarding that case.   (Doc. 75 at 3 (stating that "Kirby cites only the deciding court and the date" for *United States v. Jones*, but the only case decided by the Sixth Circuit on that date does not discuss "confinement" at all).)   The citation to *Jones* in Kirby's Objections to the Supplemental Report and Recommendations is also incorrect, but the Court was able to review the proper case because Kirby attached a copy of it to his Objections.   (Doc. 77, Ex. A.)

The Sixth Circuit's holding in *Jones* has no bearing on Kirby's Motion to Vacate.   In *Jones*, the Sixth Circuit considered whether the appellant's time served on home detention was properly treated as an enhancement under Section 4A1.1 of the Sentencing Guidelines.   107 F.3d at 1161-65.   *Jones* did not address whether a defendant should be given credit for home confinement under 18 U.S.C. § 3585 – which is the statute at issue here.   *Id.*   As noted in the Supplemental Report and Recommendations, controlling precedent holds that home confinement does not constitute "official detention" under Section 3585(b), and therefore is not credited against the time to be served under a sentence of imprisonment.   (Doc. 75 at 3-4, citing *Reno v. Koray*,

3

515 U.S. 50 (1995) and *United States v. Becak*, 954 F.2d 386 (6th Cir. 1992).)

The Magistrate Judge's Report and Recommendations and Supplemental Report and Recommendations are adopted in their entirety.

## **CONCLUSION**

The Court overrules Kirby's Objections (Doc. 73) to the Report and Recommendations and Objections (Doc. 77) to the Supplemental Report and Recommendations.   The Court adopts the Report and Recommendations (Doc. 72) and Supplemental Report and Recommendations (Doc. 77) in their entirety, and hereby dismisses Kirby's Motion to Vacate (Doc. 71) with prejudice.   In addition, for the reasons stated in the Report and Recommendations and Supplemental Report and Recommendations, the Court denies any request for a certificate of appealability and certifies to the Sixth Circuit that any appeal of either the Report and Recommendations or Supplemental Report and Recommendations would be objectively frivolous and Kirby should not be permitted to proceed *in forma pauperis*.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, April 29, 2015.


s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE