# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 3:12-cr-120

                              District Judge Thomas M. Rose
- vs -                    Magistrate Judge Michael R. Merz

STEPHEN E. KIRBY II,

        Defendant.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's pro se Motion for Reduction/Modification of Supervised Release Terms and Sentence (ECF No. 83).  The Motion has been expressly referred to the undersigned pursuant to Fed. R. Crim. P. for report and recommendations (ECF No. 86).  The Motion is divided into three separate matters which will be treated *seriatim*.

**Modification of Supervised Release**

The Court has authority to modify the conditions of supervised release under 18 U.S.C. § 3583(e)(2) and Fed. R. Crim. P. 32.1(c).

The judgment in this case imposes a five-year term of supervised release (ECF No. 52, PageID 171).  Kirby complains that that is the maximum term of supervised release.  However,

1

given his offense of conviction, it is the mandatory **minimum** term.  18 U.S.C. § 3583(k).  The judgment imposes the Standard Conditions of Supervision in this District which have been adopted by the judges for every supervised release situation.  Defendant has offered no reason why he should not be subject to the same standard conditions as others. Kirby complains that the additional conditions are not tailored to him.

> SPECIAL CONDITIONS OF SUPERVISION
>
> 1. The defendant shall participate in a sexual offender treatment program, to include a sex offender risk assessment, psychosexual evaluation and/or other evaluation as needed. The defendant shall also be subject to periodic polygraph examinations at the discretion and direction of the probation officer and at the defendant's expense. The defendant shall follow the rules and regulations of the sex offender treatment program as implemented by the probation office. The defendant shall sign all necessary releases of information so that treatment providers, probation officers, polygraph examiners and others (as necessary) are allowed to communicate openly about the defendant and his relapse prevention plan.
>
> 2. The defendant shall have no contact with any minor children. Contact with minors shall not be permitted even with supervision unless otherwise approved by the Court. The term contact extends to forms of communication such as mail, telephone, and other forms of electronic communication. This provision does not encompass persons under the age of 18 such as ticket vendors, cashiers, waiters, etc. with whom the defendant must deal in order to obtain ordinary and usual commercial services. The defendant shall be prohibited from loitering where minors congregate, such as playgrounds, arcades, amusement parks, recreation parks, sporting events, shopping malls, swimming pools, etc.
>
> 3. The defendant's residence and employment shall be pre-approved by the probation officer and in compliance with state and local law.

4. The defendant shall not possess or view pornography of any kind.

5. The defendant is required to install software to monitor computer activities on any computer the defendant is authorized to use at the defendant's own expense. The software may record any and all activity on the defendant's computer, including the capturing of keystrokes, application information, Internet use history, email correspondence, and chat conversation. This software will be checked on a random basis. The defendant has no expectations of privacy regarding computer use or information stored on the computer if monitoring software is installed and understands and agrees that information gathered by said software may be used against the defendant in subsequent court actions regarding the defendant's computer use and conditions of supervision. The defendant must also warn others of the existence of the software program. The defendant is prohibited from attempting to remove, tamper with, or alter/circumvent in any way the software program. Furthermore, the defendant must comply with the rules set forth in the computer monitoring participation agreement.

6. The defendant will not, during the duration of any term of probation or supervised release, directly or indirectly, gain access, in any manner to any computer on-line service such as America On-Line, or to the Internet in any access form, including, but not limited to, the World Wide Web, any on-line bulletin board, Internet Relay Chat (IRC), or any on-line file archive (such as FTP), unless such access is required expressly for a class assignment in an accredited educational institution or to carry out a job duty for legal, outside employment, i.e. not self-employment. Defendant further agrees not to obtain an account or to use any other person's or entity's account with any computer on-line service or Internet service provider which has the capacity of accessing the Internet in any manner unless required for an express class assignment in an accredited educational institution or as an express job requirement for legal, outside employment. Defendant agrees not to enter "chat rooms," to send or receive "instant messages," or to send or receive e-mail through any electronic medium unless required for an express class assignment in an accredited

> educational institution or as an express job requirement for legal, outside employment. In further explanation of the foregoing, Defendant agrees that he will only utilize a computer during the term of his supervised release for legal, outside employment, or for an express class assignment in an accredited educational institution. Defendant agrees to the installation of monitoring software on any computer to which he has access.
>
> 7. The defendant will register as required in 18 U.S.C. § 3583(d) and/or any State sex offender registration requirement and will be subject to the notification provisions of 18 U.S.C. § 4042(c) and/or any State sex offender notification provision.

(ECF No. 52, PageID 172.)  Contrary to Kirby's claim, these conditions seem particularly appropriate for someone who has been convicted of distributing child pornography.

In general, Kirby's complaints about the terms of his supervised release are generic and speak about how "justice reform circles" have rumors that "supervised release terms are abused." Should Defendant have concern about any possible abuse of his terms of release, the Court stands ready to hear that claim, but probation officers in this District do not have a reputation for abuse and, in any event, cannot revoke Kirby's supervised release without a hearing.

The Magistrate Judge is unaware of whether Kirby has received a particular diagnosis of a psycho-sexual disorder, but knows from national level work with persons sexually abused by Roman Catholic priests that pedophilia is nearly impossible to cure and persons with that diagnosis require very strict supervision to prevent them from harming young children.  In general strict supervision of those found guilty of sexual offenses involving minors is well advised.

**Uncredited Pre-trial Confinement**

This issue has been repeatedly decided by the Court adverse to Mr. Kirby's claim (See ECF No. 72, 75, 78, 82).  Kirby has presented no material requiring reconsideration.

**Guidelines Ambiguity, Relevant Conduct Applied to Increase Punishment, and any 924(c) or 2 Point Increase.**

Seeking the benefit of *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), and *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016), Kirby asks that his sentence "be reviewed for the following ambiguity causing factors and that it be adjusted accordingly as based in impermissibly vague statutory construction and/or language creating an illegal or 'improper' outcome."  (ECF No. 83, PageID 407.)  The referenced factors are (a) "any 924(c), 924(e), or 2 point gun enhancement; (b) any Sentencing Guideline based enhancement or calculation of any kind; and (c)

> Any situation where conduct was alluded to in its nature or severity but which could not by facts be concretely nailed down such as to fit squarely into any specific category of prohibited acts or conduct such that there could be considered to be ambiguity and a "reaching" to make a fit between the laws wording and the actions, errors, omissions, or misconduct alleged against me in my case.

*Id.* at PageID 408.

Pursuant to the Plea Agreement in this case (ECF No. 38), Kirby pleaded guilty to Count 1 of the Indictment which charged:

> On or about December 23, 2011, in the Southern District of Ohio, the defendant, STEPHEN E. KIRBY, II, knowingly distributed one or more visual depictions, as defined in 18 U.S.C. § 2256(8)(A) that had been shipped and transported in and affecting interstate and foreign commerce, by any means including by computer, and the production of such visual depictions involved the use of a

5

>   minor engaging in sexually explicit conduct and which visual depiction was of such conduct.
>
>   In violation of 18 U.S.C. §§ 2252 (a)(2) and (b).

(ECF No. 28, PageID 70.) In the Plea Agreement Kirby acknowledged that he understood the mandatory minimum sentence was five years imprisonment (ECF No. 38, PageID 86, ¶ 3). He was sentenced to the mandatory minimum without any enhancement for being a career offender under the Sentencing Guidelines, or any consideration of firearm possession under 18 U.S.C. § 924(c) or (e) or any other provision of law. None of the recent spate of cases such as *Johnson* had any impact on this case.

The Motion should be DENIED in its entirety.

August 9, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).