# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

          Plaintiff,    :    Case No. 3:12-cr-120

                            District Judge Thomas M. Rose
- vs -                     Magistrate Judge Michael R. Merz

STEPHEN E. KIRBY II,

          Defendant.    :

## REPORT AND RECOMMENDATIONS ON MOTION FOR REHEARING

    This case is before the Court on Defendant's Motion for De Novo Rehearing (ECF No. 92). As a post-judgment motion, it is deemed referred to the Magistrate Judge for a recommended decision under 28 U.S.C. § 636(b)(3).

    Kirby complains that the Court's adoption of the Magistrate Judge's Report and Recommendations ("Report," ECF No. 87) recommending dismissal of his Motion for Reduction (ECF No. 83) is improper because he was not given the appropriate amount of time to object.

    The docket reflects that the Report was filed and mailed to Kirby on August 9, 2016. It was returned on August 24, 2016, marked "Not at FCI Loretto" and the deadline for objections was re-set to allow Kirby the full objection period from the date of remailing. (See ECF No. 88). On September 16, 2016, the Court received correspondence from Kirby dated September 9,

1

2016, with a return address of P.O. Box 10, Lisbon, Ohio (ECF No. 89). The letter contains the following objections to the Report and Recommendations:

> Sir, while preparing my response by specific objections to the R & R of 8/9/16 I noticed that it was mailed to me 8/26/16 !
>
> Pursuant to 28 USC 636 Et. Seq. and provisions for challenging R & R it was already past the time to challenge when I received it. I ask that this notice be taken as a formal Rehearing/Reconsideration Motion seeking a re-issue of the R & R to allow my comments as a function of the due process required by law.
>
> While the court may have had a fairly well positioned point as to Johnson, S.Ct relief evaluation, as to the issues of ( 1) Modification of Supervised release terms which are ridiculous and issued contrary to the bar against "generalized terms" and requirement of "specific tailoring for the offender", and (2) Credit of Pretrial Time under the U.S.Marshals Pretrial services Division where KIRBY did not get credit, the courts Magistrate R & R was off-key.
>
> Thank you in advance for granting the relief sought hereby, the court above would review de-novo and is believed to be against procedural bars erected by forged default. See exhibited Envelope.

*Id.* at PageID 419. In response, the Magistrate Judge extended Kirby's objection time to September 16, 2016 (Notation Order of September 16, 2016). Kirby mailed/filed[1] no objections and the District Court adopted the Report on September 21, 2016 (ECF No. 91).

The instant Motion was received by the Clerk on October 11, 2016; it contains no date of mailing. It is not accompanied by any proposed objections. Instead, Kirby writes that he "does not wish to simply waste his time penning any objections the Court will simply refuse to consider on the premise that R&R objections time has passed. . . ." (ECF No. 92, PageID 423). Instead, he asks the Court to give him an additional thirty days to deliver objections. *Id.*

---

[1] Under the mailbox rule, any objections would have been timely if mailed by September 16, 2016.

The District Court has already formally denied Kirby's Motion for Reduction/Modification of Supervised Release. If Kirby wishes the Court to modify that final order, he must move for relief from judgment under Fed. R. Civ. P. 60(b). His present motion does not show that he has any meritorious ground for relief from judgment. In particular, the Report and Recommendations were sent to the address Kirby gave the Court at the Loretto Federal Correctional Institution; Kirby did not notify the Court of his present address until more than a month after the Report was issued. Moreover, the instant Motion does not show that Kirby is entitled to a different disposition of the Motion for Reduction even if the judgment were reopened.

The instant Motion for De Novo Rehearing should therefore be denied.

October 12, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).